**\*\*E-filed 05/24/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA
Ex rel. Robert Finney and Jacquelyn Finney, et al.,

        Plaintiffs,

   v.

KAISER FOUNDATION HEALTH PLAN, et al.,

        Defendants.
_____/

No. C 08-2411 RS

**ORDER RESCHEDULING STATUS CONFERENCE AND DENYING REQUEST FOR RECONSIDERATION OF RECUSAL AND APPOINTMENT OF SPECIAL INVESTIGATOR**

Relators Robert and Jacquelyn Finney have filed a motion seeking various forms of relief. Although the motion has not been noticed for hearing as required by Civil Local Rule 7, the Court will address it at this juncture in the interests of justice.[1] Good cause appearing, the status conference in this matter is hereby continued to June 24, 2010. The status conference shall be held telephonically. All parties must contact Court Conference at 866/582-6878 prior to the status conference to make an appearance. The Court Conference fee shall be waived for pro se Relators Robert and Jacquelyn Finney. In the event the date and time of the rescheduled status conference present difficulties for Relators, they may submit a letter suggesting specific dates and times that are

---

[1] Relators are directed to the Court's "Handbook For Litigants Without a Lawyer," available in the Clerk's office or at www.cand.uscourts.gov for guidance on filing any future motions.

1  feasible for them.  Relators' request for an order extending the time in which they must serve the
2  complaint will be taken up at the status conference.

3  Relators' request for reconsideration of the denial of their request for recusal of the
4  undersigned is denied.  Although their argument is not entirely clear, Relators appear to argue that
5  recusal is warranted because the Court has not held an "evidentiary hearing" to inquire into certain
6  allegations they have made.  Until their present filing, Relators never moved for an "evidentiary
7  hearing," but even if they had, their disagreement with a Court ruling is not a basis for recusal.  To
8  the extent that the request for recusal continues to be based on the undersigned's former association
9  with the law firm of Morrison & Forrester, Relators' speculation that there "may" be a "sufficiently
10 close connection" is unwarranted.

11 Relators' request for appointment of a "special investigator" is denied.  Relators contend that
12 wrongdoing has occurred both within this action and with respect to visits to a website they
13 maintain.   As to the conduct of this action, the Court has previously explained that as a result of
14 administrative error, the Electronic Case Filing System continued to show this case as being "under
15 seal" when it was not, and showed Relators as represented by counsel when they were not.[2] It
16 appears that as a result, Relators were not always served with documents in this action when they
17 should have been.   There is no indication, however, of any intentional wrongdoing in this regard,
18 either by the Government or by Court personnel.  Relators' most adamant complaint is that they
19 were not served with the Government's response to a motion they made in October of 2009.[3]
20 Although it appears to be a moot point now, the Government has certified that it served a copy of
21 that response on Relators on May 21, 2010.  While it is unfortunate that the document was not

---

[2]  As Relators point out, the Court's calendar still titled this case as "Under Seal v. Under Seal" until this date.   That, however, was merely the result of the fact that it was put on calendar before the confusion about the sealing status was cleared up, and it was not updated thereafter.  Relators' suggestion that something nefarious is going on is unfounded.

[3] Relators assert that the response is not entered in filed docket and "may not exist."  Relators are mistaken.  The document appears at docket no. 26.

2

timely served, it does not appear that events would have unfolded differently had Relators received the document at an earlier juncture.[4]

Relators contend that their website has been visited by employees of Morrison & Forrester and the Justice Department. Although Relators characterize this as "illegal electronic surveillance," they have not explained how it would be improper or illegal for anyone to visit a website that Relators voluntarily make available to the general public to access.[5] In any event, Relators have not shown that appointment of a "special investigator" is warranted or that an "evidentiary hearing" should be held at this juncture.

IT IS SO ORDERED.

Dated: 05/24/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[4] Relators express a concern that the Court's certificate of service of its March 23, 2010 only shows service on them, and not on the Government. Counsel for the Government is a registered e-filer in this action, and therefore receives service through the ECF system as documented by the ECF receipt. The certificate of service is used to document the sending of hard copies to persons, such as Relators, who do not receive electronic notice.

[5] Relators have not suggested there was any "hacking" or access to some portion of their computer system not made available to the public to view.

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS CLERK'S NOTICE WAS MAILED TO:**

Robert Finney
Jacquelyn Finney
1664 Buttercup Road
Encinitas, CA 92024

DATED: 05/24/2010

/s/ Chambers Staff
Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.